IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

JEREMY SCOTT, INDIVIDUALLY AND ON                         PLAINTIFF
BEHALF OF ALL OTHERS SIMILARLY SITUATED


vs.                                No. 1:17-cv-$37$


THRU TUBING SOLUTIONS, INC.                               DEFENDANT

## ORIGINAL COMPLAINT FOR REPRESENTATIVE ACTION

COMES now Plaintiff Jeremy Scott, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint for Representative Action against Defendant Thru Tubing Solutions, Inc. (hereinafter "Defendant"), and in support thereof he does hereby state and allege as follows:

## I.

## PRELIMINARY STATEMENTS

1.     Plaintiff brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay Plaintiff overtime compensation for the hours in excess of forty hours in a single week that he was made to work.

2.     Upon information and belief, for at least three (3) years prior to the filing of

this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

3.    This is a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs are members of a class of oilfield operators who were misclassified as exempt and deprived of overtime wages in violation of the N.D. Admin. Code § 46-02-08-02(4), as authorized generally by N.D. Cent. Code, § 28-32-02(1) and more specifically by N.D. Cent. Code, § 34-06-03.[1]

## II.

## THE PARTIES

4.    Plaintiff Jeremy Scott is a resident and citizen of Oneonta, Alabama. He was employed by Defendant to work in oilfields in North Dakota.

5.    At all times relevant hereto Jeremy Scott was misclassified as exempt from overtime wages and paid a salary, together with a series of non-discretionary bonuses.

6.    Scott's term of employment with Defendant is as follows: July of 2014 to February of 2015.

7.    Scott was called an Operator.

8.    Thru Tubing Solutions, Inc., is a for-profit, foreign corporation created and existing under and by virtue of the laws of Delaware registered to do business in the North Dakota, providing products and services in the oil and gas industry, throughout the United States in those areas in which shale drilling is a viable business.

9.    Thru Tubing Solutions has annual gross revenues exceeding

---

[1] The right to a private cause of action under this statutory scheme was confirmed in *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173 (ND 1999).

$500,000.00.

10.     Thru Tubing Solutions was at all times relevant hereto Plaintiff's employer.

11.     Thru Tubing Solutions is and has been engaged in interstate commerce as that term is defined under the FLSA.

12.     Thru Tubing Solutions can be served within the State of North Dakota. Thru Tubing Solutions' registered agent for Service of Process in the State of North Dakota is Corporation Service Company, which can be served at 1709 North 19th Street, Suite 3, Bismark, North Dakota 58501.

III.

**JURISDICTION AND VENUE**

13.     The United States District Court for the District of North Dakota has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

14.     Plaintiff's claims under North Dakota state law form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

15.     Therefore, this Court has supplemental jurisdiction over Plaintiff's North Dakota state law claims pursuant to 28 U.S.C. § 1367(a).

16.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the District of North Dakota and Defendant resides and does business in the Western Division of the District of North Dakota; therefore, venue is proper within this District, pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## IV.

## <u>FACTUAL ALLEGATIONS</u>

17.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

18.    Plaintiff was employed by Defendant performing the services of an operator within the three years preceding the filing of the Original Complaint.

19.    His annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

20.    In performing his services for Defendant, Plaintiff was not required to utilize any professional education relevant to his job duties.

21.    Plaintiff's primary duties were to operate tools and equipment used in oil and gas wells.

22.    Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery, and not in an office.

23.    During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

24.    Plaintiff did not select any employees for hire nor did he provide any training for any employee.  Plaintiff had no ability to hire and fire any employee.

25.    Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

26.    Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

27.     Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

28.     Defendant paid Plaintiff, and all other Operators during Plaintiff's tenure, a salary plus non-discretionary bonuses.

29.     Defendant did not pay an extra premium to Plaintiff, or any other Operators during Plaintiff's tenure, for work in excess of forty (40) hours per week.

30.     Plaintiff regularly worked more than 40 hours per week as a Operator for Defendant.

31.     Operators other than Plaintiff also regularly worked more than 40 hours per week.

32.     Some weeks, for example, Plaintiff would work four full days without a break.

## V.

## REPRESENTATIVE ACTION ALLEGATIONS

33.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34.     Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Operators, or similar positions, who were, are or will be employed by Defendant and were improperly misclassified as exempt from payment of overtime wages at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiff and of those similarly situated.

35.     Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendant as Operators, or similar positions, for Defendant who were misclassified (as exempt, but who were in fact non-exempt) from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

36.     Plaintiff is unable to state the exact number of the class but believes that the class exceeds at least 25 persons.

37.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

38.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant that violated the FLSA including:

A. Defendant's uniform misclassification of members of the class as exempt employees under the FLSA; and

B. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

39.     Plaintiff brings his claim for relief for violation of N.D. Admin. Code § 46-02-07-02(4) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of Operators, or similar positions, who were employed by Defendant and were improperly misclassified as exempt from payment of overtime wages at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiff and of those similarly situated

40.     The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least 25

employees have worked for Defendant without appropriate overtime pay, as described herein, during the applicable statutory period.

41. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class that predominate over any questions affecting only individual members, including:

A. Defendant's uniform misclassification of members of the class under N.D. Admin. Code §46-02-07-02(4); and
B. Whether Defendant failed to pay Plaintiff and members of the class overtime compensation for all of the hours over forty (40) each week.

42. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the class, inasmuch as all such claims arise form Defendant's standard policies and practices, as alleged herein. Like all class members, Plaintiff was injured by Defendant's policies and practices of intentional misclassification as exempt (when in fact Plaintiff was non-exempt) and failure to pay proper overtime wages for all hours worked in excess of forty (40) per week.

43. Plaintiff has no interests antagonistic to the interests of the other members of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately represent the interests of the class.

44. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

A. Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous

savings to both the Court and the class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

B. Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

C. No unusual difficulties are likely to be encountered in the management of the class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

49.     Plaintiff is aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither is Plaintiff aware of any other litigation concerning this particular controversy.

50.     Class certification is fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair of impede their ability to protect their interests.

## VI.

## FIRST CLAIM FOR RELIEF

## (Individual Claim for Violation of the FLSA Overtime Wage Provisions)

51.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

52.     Defendant intentionally misclassified Defendant as exempt from overtime payment under the FLSA.

53.     Defendant deprived Plaintiff of lawful overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

54.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

55.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

56.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**VII.**

**SECOND CLAIM FOR RELIEF**

**(Class Action Claim for Violations of the FLSA Overtime Provisions by Plaintiff and All Those Similarly Situated Class Members)**

57.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

58.     Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff and similarly situated members of the class one and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

59.     Defendant required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime premium compensation equal to one and one-half times their regular rate for all of the hours in excess of forty (40) in each workweek due to its intentional

misclassification of Plaintiff and similarly situated members of the class as exempt from FLSA overtime payment requirements.

60.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations that occurred beginning at least three (3) years preceding the filing of Plaintiff's Original Complaint, plus periods of equitable tolling.

62.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

**VIII.**

**THIRD CLAIM FOR RELIEF**

**(Individual Claim for Violation of the
N.D. Admin. Code §46-02-07-02)**

64.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

65.     Defendant violated N.D. Admin. Code §46-02-07-02 *et seq.* by

intentionally misclassifying Plaintiff as exempt from the proper payment of overtime wages for hours worked in excess of forty (40) hours per week.

66.    Defendant has failed and refused to comply with the North Dakota Administrative Code's overtime requirements by failing to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week during Plaintiff's employment as described in this Complaint.

67.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

68.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and for monetary damages, interest at the maximum rate allowable under North Dakota law pursuant to N.D.C.C. § 34-14-09.1(1), double or treble damages pursuant to N.D.C.C. § 34-14-09.1(2), and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to filing this complaint.

## IX.

## FOURTH CLAIM FOR RELIEF

### (Class Claim Violation of the
### N.D. Admin. Code § 46-02-07-02)

69.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

70.    Defendant has failed and refused to comply with the North Dakota Administrative Code's overtime payment requirements by failing to pay Plaintiff and all other members of the Rule 23 class one and one-half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

71.     Defendant required Plaintiff and all other members of the Rule 23 class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members proper overtime premium compensation for all of the hours in excess of forty (40) in each workweek.

72.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the putative class and for monetary damages, interest at the maximum rate allowable under North Dakota law pursuant to N.D.C.C. § 34-14-09.1(1), double or treble damages pursuant to N.D.C.C. § 34-14-09.1(2), and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to filing this complaint.

## X.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeremy Scott respectfully prays for declaratory relief and damages as follows:

(a)     That Defendant be summoned to appear and answer herein;

(b)     That Defendant be required to account to Plaintiff and members of the class and to the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c)     A declaratory judgment that Defendant's practices as alleged herein violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d)     A declaratory judgment that Defendant's practices alleged herein violate the North Dakota Administrative Code § 46-02-07-02(4);

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(f)     Judgment for damages for all unpaid overtime compensation under the North Dakota Administrative Code § 46-02-07-02(4);

(g)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class during the applicable statutory period;

(h)     An order directing Defendant to pay Plaintiff and members of the class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(i)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JEREMY SCOTT, Individually and on
behalf of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com